UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ispat Inland, Inc.,                                                               Civil No. 06-60 (PAM/JSM)

              Plaintiff,

v.                                                          **MEMORANDUM AND ORDER**

Kemper Environmental, Ltd.,

              Defendant.

This matter is before the Court on Defendant Kemper Environmental, Ltd.'s Objection to the September 26, 2006 Order issued by the Magistrate Judge, which granted non-party St. Paul Fire and Marine Insurance Company's motion to quash a subpoena. Although the Magistrate Judge properly granted the motion, the Court finds that relief under Federal Rule of Civil Procedure 60(b)(1) is appropriate and therefore remands the matter to the Magistrate Judge.

**BACKGROUND**

Plaintiff Ispat Inland, Inc. ("Ispat") and Defendant Kemper Environmental, Ltd. ("Kemper") are involved in litigation in the United States District Court for the Southern District of New York. The law firm of Bollinger, Ruberry & Garvey represents Kemper in that action. Three attorneys from that firm are of particular relevance to this matter: William Ragen, Edward Ruberry, and Lisa Thaviu.

As part of the New York litigation, Ragen, on behalf of Kemper, served St. Paul Fire and Marine Insurance Company ("St. Paul Insurance") with a subpoena duces tecum,

requesting documents relating to insurance coverage provided by St. Paul Insurance to Ispat, as well as a settlement agreement reached between St. Paul Insurance and Ispat. After service of the subpoena, Ragen granted St. Paul Insurance until September 6, 2006 to respond or object to the subpoena. St. Paul Insurance objected on August 31, 2006, and notified Ragen that it would move to quash the subpoena if Kemper did not withdraw the subpoena by September 1, 2006.

Kemper did not withdraw the subpoena. Consequently, on September 6, 2006, St. Paul Insurance filed a motion to quash the subpoena. Relying on Federal Rule of Civil Procedure 45, St. Paul Insurance argued that the subpoena sought privileged and confidential information. St. Paul Insurance also moved for reasonable attorneys' fees incurred in objecting to the subpoena. The same day, St. Paul Insurance served the motion and supporting memorandum via facsimile and mail on Ragen, Ruberry, and Thaviu.

By that time, Ragen was out of the office on his honeymoon, which lasted until September 18, 2006. However, Thaviu received a copy of the motion and supporting memorandum on September 6, 2006. The initial notice accompanying the motion did not expressly state when a hearing on the motion would occur. Instead, the notice merely stated that the motion would be heard at a date and time to be determined by the court. The next day, St. Paul Insurance obtained a hearing date and amended the notice. The certificate of service indicates that St. Paul Insurance faxed and mailed a copy of the amended notice to Ragen, Ruberry, and Thaviu on September 7, 2006. Somehow, however, the amended notice was directed only to Ragen, who was still out of the office.

At a September 13, 2006 status conference in the New York action, Ruberry appeared on behalf of Kemper. At the conference, the parties discussed the motion to quash. Ultimately, the court ordered Ispat to produce the settlement agreement between Ispat and St. Paul Insurance. Based on the order, Kemper's counsel believed that the motion to quash was moot. Accordingly, Kemper neither filed a response to the motion to quash nor attended the September 26, 2006 motion hearing. On September 27, 2006, Magistrate Judge Mayeron quashed the subpoena with respect to the settlement agreement, reasoning that Kemper already had the settlement agreement and had not responded to the motion. Magistrate Judge Mayeron also quashed the remainder of the subpoena because Kemper apparently did not oppose the motion.

**DISCUSSION**

Kemper seeks relief under Federal Rule of Civil Procedure 60(b)(1), which allows a court to vacate an order on the ground of "mistake, inadvertence, surprise, or excusable neglect." Excusable neglect generally is "'understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" Union Pac. R.R. v. Progress Rail Servs. Corp., 256 F.3d 781, 782 (8th Cir. 2001) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 394 (1993)). However, ignorance or carelessness on the part of an attorney may not constitute excusable neglect. Hunt v. City of Minneapolis, 203 F.3d 524, 528 n.3 (8th Cir. 2000); Sutherland v ITT Cont'l Baking Co., Inc., 710 F.2d 473, 475-77 (8th Cir. 1983) (attorney carelessness is not "excusable neglect" under Rule 60(b)). In deciding whether to set aside an order for excusable neglect, the Court considers

all relevant circumstances. Union Pac. R.R., 256 F.3d at 782. "The inquiry is essentially an equitable one," and the Court must balance several factors, including the potential prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, and the reason for the delay." Id.

Clearly, the attorneys at Bollinger, Ruberry & Garvey should have proceeded differently. Ragen should have made arrangements for someone to handle the matter during his absence. In addition, both Ruberry and Thaviu should have either verified the hearing date on the motion to quash or otherwise informed St. Paul Insurance of their belief that the subpoena was moot. However, the record indicates that the failure to respond was inadvertent. Moreover, once Kemper's counsel realized the oversight, they responded in a timely manner. Finally, the Court believes that deciding the motion to quash on the merits is the more appropriate way to resolve the issue.

**CONCLUSION**

The Magistrate Judge did not err in granting the motion to quash. However, the Court finds that the failure to respond to the motion was inadvertent and that a determination of the merits of the motion is equitable under the circumstances of this case. Accordingly, **IT IS HEREBY ORDERED** that:

1. Kemper Environmental Ltd.'s Objection (Docket No. 12) is **SUSTAINED**; and

2.  The matter is remanded to the Magistrate Judge for a determination on the merits of the motion to quash.

Dated: November 29, 2006

                                              s/ Paul A. Magnuson
                                              Paul A. Magnuson
                                              United States District Court Judge