UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ispat Inland, Inc.,                                                 Civil No. 06-60 (PAM/JSM)

           Plaintiff,

v.                                                **MEMORANDUM AND ORDER**

Kemper Environmental, Ltd.,

           Defendant.

_____

This matter is before the Court on non-party St. Paul Fire and Marine Insurance Company's Objection to Magistrate Judge Mayeron's December 29, 2006 Order, which denied a Motion to Quash a Subpoena. The Court has reviewed the Order and concludes that it is neither clearly erroneous nor contrary to law. See Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

**BACKGROUND**

Plaintiff Ispat Inland, Inc. ("Ispat") and Defendant Kemper Environmental, Ltd. ("Kemper") are involved in litigation in the United States District Court for the Southern District of New York. As part of the New York litigation, counsel for Kemper served St. Paul Fire and Marine Insurance Company ("St. Paul Insurance") with a subpoena duces tecum, requesting documents relating to insurance coverage provided by St. Paul Insurance to Ispat, as well as a settlement agreement reached between St. Paul Insurance and Ispat. After service of the subpoena, William Ragen, counsel for Kemper, granted St. Paul Insurance until September 6, 2006 to respond or object to the subpoena. St. Paul Insurance

objected on August 31, 2006, and notified Ragen that it would move to quash the subpoena if Kemper did not withdraw the subpoena by September 1, 2006.

Kemper did not withdraw the subpoena. Consequently, on September 6, 2006, St. Paul Insurance filed a motion to quash the subpoena. At a September 13, 2006 status conference in the New York action, the court ordered Ispat to produce the settlement agreement between Ispat and St. Paul Insurance. After this order, Kemper failed to file a response to the motion to quash or attend the September 26, 2006 motion hearing based on a belief that the motion to quash was moot. On September 27, 2006, Magistrate Judge Mayeron quashed the subpoena with respect to the settlement agreement, reasoning that Kemper already had the settlement agreement and had not responded to the motion. Magistrate Judge Mayeron also quashed the remainder of the subpoena because Kemper apparently did not oppose the motion.

After Magistrate Judge Mayeron quashed the subpoena, Kemper filed an Objection to the September 26, 2006 order. Concluding that the failure to respond was inadvertent, this Court sustained Kemper's objection and remanded the matter to Magistrate Judge Mayeron for a determination on the merits of the motion to quash. On December 29, 2006, Magistrate Judge Mayeron denied the motion and ordered St. Paul Insurance to serve all discovery, consistent with the ruling on the record, on or before January 15, 2006. Additionally, Magistrate Judge Mayeron ordered Kemper to pay all of the reasonable costs and attorneys' fees it expended in preparing for and attending the September 26, 2006 hearing and for responding to Kemper's appeal of the September 27, 2006 order to this Court. St. Paul

Insurance now brings this Objection to Magistrate Judge Mayeron's December 29, 2006 order.

**DISCUSSION**

**A.     Standard of Review**

This Court will consider the Objection and set aside or modify the Magistrate Judge's order if it is found to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).  "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. Sanders, 341 F.3d 809, 818 (8th Cir. 2003) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).  Stated another way, "'[t]o be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'"  In re Papio Keno Club, Inc., 262 F.3d 725, 729 (8th Cir. 2001) (quoting Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988)).  Finally, the Court will not reverse the finding so long as the Magistrate Judge's "account of the evidence is plausible in light of the record viewed in its entirety . . . even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."  United States v. Tucker, 234 F.3d 499, 506 (8th Cir. 2001).

**B.     Federal Rule of Civil Procedure 45**

St. Paul Insurance objects to the December 29, 2006 order on the grounds that it

requires St. Paul Insurance to disclose privileged or other protected matter and places an undue burden on St. Paul Insurance. The Court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(a)(iii)(iv).

    1.    <u>Undue Burden</u>

St. Paul Insurance alleges that the subpoena should be quashed because production of the documents sought by Kemper would result in an undue burden. In particular, it submits that complying with the subpoena imposes an undue burden because the documents requested are irrelevant to the New York litigation. However, Magistrate Judge Mayeron recognized that the court in the New York litigation left the door open for Kemper to show a specific need for the documents, and found that Kemper had in fact articulated a need for the documents. Kemper asserts that it will use the correspondence sought to show Ispat's failure to mitigate damages and notice requirements. Thus, the documents are relevant to issues raised in the New York litigation. <u>See</u> Fed. R. Civ. P. 26(b)(1) (defining the general scope of discovery to include "any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.").

Furthermore, St. Paul Insurance has made no showing that it will be unduly burdened. <u>See</u> Fed. R. Civ. P. 45(d)(1)(D) ("person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost"). Rather,

it makes only sweeping, broad statements that producing any of the documents would be burdensome. Kemper's showing of a specific need for the documents outweighs the burden broadly asserted by St. Paul Insurance. For this reason, the Court finds that Magistrate Judge Mayeron did not err in finding that St. Paul Insurance failed to make a showing of undue burden.

      2.      <u>Privileged or Protected Matter</u>

St. Paul Insurance also asserts that the subpoena should be quashed because the documents Kemper seeks are privileged. "When information subject to a subpoena is withheld on a claim that it is privileged, or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced." Fed. R. Civ. P. 45(d)(2); <u>see also</u> Fed. R. Civ. P. 26(b)(5). Thus, St. Paul Insurance must describe the nature of the documents that it claims are privileged, which is precisely what Magistrate Judge Mayeron ruled at the hearing on December 29, 2006. The Magistrate Judge stated:

> St. Paul certainly has the right to withhold any documents which are subject to the work product doctrine or attorney-client privilege. And to the extent that those are withheld, I would expect would produce a log or sufficient description so that Kemper could challenge that withholding if it is done.

(Hr'g Tr. at 22.) Magistrate Judge Mayeron thus informed St. Paul Insurance that it could still claim a privilege by specifically showing which documents are protected by privilege by providing a log. However, at this point, St. Paul Insurance has only generally claimed privilege by making broad statements. It has failed to produce a privilege log or make a

specific showing as to why these documents are in fact privileged. Accordingly, the Court finds that Magistrate Judge Mayeron's finding that St. Paul Insurance failed to make a showing of privilege is neither clearly erroneous nor contrary to law.

**CONCLUSION**

St. Paul Insurance has failed to show that production of the documents sought by Kemper would result in an undue burden or that the documents are protected by privilege. Accordingly, **IT IS HEREBY ORDERED** that:

1. The December 29, 2006 Order Denying the Motion to Quash (Docket No. 26) is **AFFIRMED**; and

2. St. Paul Fire and Marine Insurance Company's Objection (Docket No. 28) is **OVERRULED**.

Dated: March 8, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge